UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SERGE DUBOIS,

               Plaintiff,

                    **MEMORANDUM & ORDER**

            -against-                06-CV-6522 (NGG) (LB)

MACY'S EAST INCORPORATED,

               Defendant.
----------------------------------------------------------------x

NICHOLAS G. GARAUFIS, District Judge.

**Introduction**

On July 13, 2007, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R & R") recommending that this court grant Defendant Macy's East Incorporated's ("Defendant" or "Macy's") motion to compel arbitration. Defendant submitted a timely statement of objections to the R & R, thereby requiring this court to make a *de novo* review of all portions of the R & R to which he specifically objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Having so reviewed Magistrate Judge Bloom's R & R, I adopt her recommendations in their entirety, refer the case to arbitration, and dismiss Plaintiff's complaint.

**Background**

For the purpose of resolving the present motion, familiarity with the facts and R & R is presumed. Plaintiff, a former employee at Macy's, filed a complaint against Defendant alleging employment discrimination. Before the court is Defendant's motion to compel arbitration. Specifically, Defendant alleges that Plaintiff is bound by an arbitration agreement from which he

failed to opt-out.

**Discussion**

Plaintiff alleges that Magistrate Judge Bloom overlooked evidence establishing that he did, in fact, mail an opt-out form to the arbitration program administrator, Solutions InStore ("SIS"). Namely, Plaintiff points to a signed copy of an opt-out form he produced to the court. (Plaintiff's Objections ("Pl. Obj.") at 2.) As Magistrate Judge Bloom correctly explained, however, Plaintiff has failed to produce any evidence that the waiver was ever received by Defendant.

In addition, Plaintiff had reason to believe that the form had not, in fact, been received by SIS. There was clear language in the opt-out form indicating that if Plaintiff did not receive a confirmation that he had opted-out, he should contact SIS. (See Lisa Glick Declaration ("Glick Decl.") ¶¶ 40-43.) Plaintiff was not sent a confirmation and therefore did not ever receive one. (Id. ¶ 35.) Nevertheless, Plaintiff did not call SIS at any time to explain that he desired to opt-out of arbitration. (Id.) Most notably, Plaintiff actually contacted SIS in 1994 alleging that he had been "illegally suspended" and discharged. (See Plaintiff's Letter in Opposition to Motion to Compel Arbitration ("Pl. Ltr."), Exhibit (letter from Plaintiff to SIS).) Such conduct certainly displays Plaintiff's knowledge that he did not opt-out of the SIS program and his intent to contract to use it. See Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004) (holding that in determining whether a party should be bound by a contract's provisions, the court must look for a "manifestation or expression of assent . . . which evinces the intention of the parties to contract.") (internal quotation and citation omitted). Therefore, despite the opt-out form which Plaintiff alleges he mailed to SIS, I find that Plaintiff did not, in fact, opt-out of the

SIS program and is therefore bound by its arbitration provisions.

Plaintiff next alleges that the R & R improperly assumed that Plaintiff received a copy of the letter sent by SIS welcoming him to the arbitration program. (Pl. Obj. at 2-3; see R & R at 8.) I note that there was evidence in the record that the letter was mailed to Plaintiff's home address. (Glick Decl. Exhibit J (welcome letter).) Nevertheless, whether or not Plaintiff was in actual receipt of the letter, he was on notice that had he not successfully opted-out of the SIS program since he knew that he should have, but did not, receive a confirmation. And, as noted above, he contacted SIS seeking resolution of an employment complaint. Therefore, there was ample evidence that Plaintiff did not choose to opt-out.

Plaintiff further alleges that Defendant would use the SIS program "as a venue in order to continue abusing the Plaintiff as they did previously," so that he should therefore not be subjected to the arbitration agreement. (Pl. Obj. at 4.) There is nothing in the record to suggest that this would be the case. To the contrary, in fact, Plaintiff initially sought the assistance of SIS in pursuing his claim. (See Pl. Ltr., Exhibit.)

**Conclusion**

The court adopts the R & R in its entirety. The case is referred to arbitration, and Plaintiff's complaint is dismissed. Plaintiff is hereby granted leave to re-file within thirty days after the arbitration is completed if further relief from this court is necessary. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore

*in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 16, 2007  
Brooklyn, N.Y.

/signed/  
_____  
Nicholas G. Garaufis  
United States District Judge